<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHAEL MIDDLETON, | : | |
| | : | Civil Action No. 06-502(FSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GEORGE FARLEY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> MICHAEL MIDDLETON, Plaintiff <u>pro se</u>
> #166311-B-3-W
> Hudson County Correctional Center
> 35 Hackensack Road
> South Kearny, New Jersey 07032

**HOCHBERG**, District Judge

Plaintiff Michael Middleton ("Middleton"), a state inmate currently confined at the Hudson County Correctional Center in South Kearny, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Plaintiff submitted an application to proceed <u>in forma pauperis</u>, which this Court granted on March 28, 2006.

At this time, the Court must review the Complaint and amended Complaints[1] to determine whether they should be dismissed

---

[1]  Middleton filed his initial Complaint on or about February 2, 2006.  Thereafter, he submitted four separate amended Complaints.  (Document Entry Nos. 2, 3, 4, and 7).  On June 12, 2006, an Order was entered in this matter (Document Entry No. 9) barring Middleton from filing any additional amended complaints without first obtaining leave of Court to do so.

as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons stated below, the Court finds that the Complaint and amended Complaints should proceed only in part.

## I.  BACKGROUND

The following factual allegations are taken from Middleton's Complaint and four amended Complaints, and are accepted as true for purposes of this review.

In his initial Complaint, Middleton alleges claims of excessive force and false arrest against defendants, Lt. George Farley and Det. Wayne Grapstul of the Bayonne Police Department. Middleton alleges that, on May 25, 2005, he was arrested by eight officers from Bayonne Police Department's narcotics squad, including the two named defendants, and two detectives from the Hudson County Prosecutor's Office. Plaintiff further states that he was tackled, assaulted, restrained, and handcuffed by the defendants while he was on the ground. Middleton was then transported to the Bayonne Police Department where he sat for almost 12 hours without food or medical attention for the injuries he sustained during the arrest. These injuries include limited mobility and power of plaintiff's left hand and shoulder. Middleton claims that he filed charges against these officers in

municipal court and reported them to Internal Affairs, but has heard no response with respect to these charges.  He asserts a claim of excessive force by these defendants in violation of plaintiff's Fourth Amendment rights.

Middleton also claims that he was falsely arrested without probable cause.  On May 11, 2005, Middleton was arrested on charges of possession of controlled substances with the intent to distribute at the Hudson Plaza Motel in Bayonne, New Jersey.  Plaintiff claims that he did not possess any narcotics at that time.  He also states that he was charged for an alleged offense occurring on May 21, 2005 in Jersey City.  Middleton alleges that he had no knowledge of this offense and was never arrested on May 21, 2005.  He did not discover this charge until September 2005 when he was reviewing his indictment papers in jail.  Plaintiff states that the May 21, 2005 offense was the basis or probable cause for his arrest on May 25, 2005.

Next, in his first amended Complaint, Middleton seeks a stay of his state criminal proceedings[2] and alleges claims of malicious prosecution and prosecutorial misconduct against new defendants, Assistant Deputy Prosecutor Kelly Austin from the Hudson County Prosecutor's Office and Edward J. Defazio, Hudson

---

[2]  Middleton seeks a stay of his New Jersey state criminal proceedings because he has a pending paternity matter in Ohio, and because he believes that his pro se motions to dismiss the charges are not being handled properly in state court.

County Prosecutor's Office.  Middleton also asserts a claim against the Honorable Frederick J. Theemling, Jr., Superior Court of New Jersey, Hudson County, alleging that Judge Theemling is responsible for all conduct in the court, and has failed to address many pro se motions filed by Middleton in his state criminal proceedings to dismiss the charges for lack of probable cause and because the indictment was unsigned by the assignment judge or grand jury foreperson, and to suppress evidence from an unlawful search.  Middleton is represented by assigned counsel in his state criminal proceedings.

In his second and third amended Complaint, Middleton adds a claim against his appointed counsel, Jeffrey Mandel, Esq., from the Public Defender's Office.  Middleton asserts that Mandel has provided ineffective assistance of counsel with regard to plaintiff's ongoing state criminal proceedings.  In particular, Middleton complains that he has to file numerous pro se motions because his counsel has declined to do so.

Finally, in his fourth amended Complaint, Middleton asserts claims against the following officers from the Bayonne Police Department: Sgt. Kevin Gallagher, Det. James Mahoney, Det. Mike Zajac, Det. Joseph Spiers, Det. Roman Popowski, Det. Tim McCullife, and Det. James Wade.  In particular, Middleton alleges that these police officer defendants, harassed, assaulted, and/or illegally arrested plaintiff.  Middleton further states that Sgt.

4

Gallagher failed to protect him from being assaulted by the other police officers, and that Det. McCullife and Det. Wade made false accusations against plaintiff.

Middleton also asserts claims of malicious prosecution against defendants, Det. William Downey and Det. Dennis Miller of the Hudson County Prosecutor's Office.  Plaintiff generally alleges that the following named defendants: Chief Polowski of the Bayonne Police Department; the Chief of Police for the Jersey City Police Department; the Sheriff of the Hudson County Sheriff's Department; Mayor Daria of Bayonne, New Jersey; Mayor Jeremiah Healy of Jersey City, New Jersey; and Mayor Al Santos of Kearny, New Jersey, were responsible for the actions and operations of all of the police officers and detectives.

In addition to seeking injunctive relief and a stay of the state criminal proceedings, Middleton also asks for over $80 million in damages from the named defendants for the alleged violations of his constitutional rights.

II.  <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding <u>in forma pauperis</u> or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to <u>sua sponte</u> dismiss

5

any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.

6

<u>Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d
371, 373 (3d Cir. 1981).  However, where a complaint can be
remedied by an amendment, a district court may not dismiss the
complaint with prejudice, but must permit the amendment.  <u>Denton</u>
<u>v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d
229 (3d Cir. 2004)(complaint that satisfied notice pleading
requirement that it contain short, plain statement of the claim
but lacked sufficient detail to function as a guide to discovery
was not required to be dismissed for failure to state a claim;
district court should permit a curative amendment before
dismissing a complaint, unless an amendment would be futile or
inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103,
108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.
§ 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir.
2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v.</u>
<u>Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  <u>SECTION 1983 ACTIONS</u>

Middleton states that he is bringing this action under 42
U.S.C. § 1983.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

In addition, local government units and supervisors generally are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 20030.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of

Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). See also Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996)(a policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict")(quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)(plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." Bd. Of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997). See also City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989)(a policy or custom may also exist where the policy maker has failed to act even though the need to take some action appears obvious and the inadequacy of existing practice is likely to result in the violation of a constitutional right). A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

Here, it would appear that the named defendants, the Chiefs of the Bayonne and Jersey City Police Departments, the Sheriff of Hudson County, and the Mayors of Bayonne, Jersey City, and Kearney, are liable only under a theory of respondeat superior. Middleton asserts no factual allegations attesting to the actual involvement, knowledge, or active participation by these defendants in the alleged wrongful conduct by the police officer defendants.  Indeed, Middleton alleges nothing more than a conclusory and bald assertion that these individuals are responsible for the oversight and operations of their respective police departments.  The Complaint and amended Complaints do not allege any policy or custom by these defendants that violated plaintiff's constitutional rights; nor do the Complaints allege the absence of a policy or practice, or that the need to take action was obvious and these defendants were deliberately indifferent to the need.  Thus, the claims against these defendants rest entirely upon a theory of supervisor liability, and the Complaint and amended Complaints should be dismissed in their entirety, as against the Chiefs of the Bayonne and Jersey City Police Departments, the Sheriff of Hudson County, and the Mayors of Bayonne, Jersey City, and Kearney, for failure to state a claim upon which relief may be granted.

IV.   ANALYSIS

A.   Judicial Immunity as to Defendant Judge Theemling

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity. See Mireless v. Waco, 502 U.S. 9 (1991).  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Id., 502 U.S. at 11 (*citing* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson v. Ray, 386 U.S. 547, 554 (1967).  Thus, judicial immunity can be overcome only for actions not taken in a judicial capacity, id., or for actions taken in a complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12.  Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity.  See Forrester v. White, 484 U.S. 219, 227 (1988).

Here, Middleton's allegations against Judge Theemling involve only court-related matters occurring during plaintiff's state criminal proceedings.  Middleton also fails to specify how his right to due process was violated by Judge Theemling.  Thus, even if Middleton's allegations are true, the Court finds that

11

the Complaint and amended Complaints fail to allege facts
sufficient to support the necessary assertions that Judge
Theemling acted beyond the scope of his judicial authority, or
that Judge Theemling acted in the complete absence of all
jurisdiction.  Therefore, Judge Theemling is absolutely immune
from liability on all claims asserted by plaintiff in his amended
Complaint, and the Complaint and amended Complaints will be
dismissed with prejudice accordingly, pursuant to 28 U.S.C. §
1915A(b)(1),(2), as against Judge Theemling.

B.  Prosecutorial Immunity

   Middleton also asserts claims of malicious prosecution and
prosecutorial misconduct against the prosecutor defendants, Kelly
Austin, Esq. and Edward J. Defazio, Esq.  These claims involve
actions by state attorneys in prosecuting state criminal
proceedings against Middleton.

   "[A] state prosecuting attorney who act[s] within the scope
of his duties in initiating and pursuing a criminal prosecution"
is not amenable to suit under § 1983.  Imbler v. Pachtman, 424
U.S. 409, 410 (1976).  See also Kulwicki v. Dawson, 969 F.2d
1454, 1465 (3d Cir. 1992); Schrob v. Catterson, 948 F.2d 1402,
1417 (3d Cir. 1991); Rose v. Bartle, 871 F.2d 331, 345 and n.12
(3d Cir. 1989).  A prosecutor's appearance in court as an
advocate in support of the presentation of evidence in a criminal
proceeding is protected by absolute immunity.  Burns v. Reed, 500

12

U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Prosecutors also are absolutely immune from a civil suit for damages under § 1983 for: (1) instituting grand jury proceedings without proper investigation and without a good faith belief that any wrongdoing occurred, Schrob, 948 F.2d at 1411; Rose v. Bartle, supra; (2) initiating a prosecution without a good faith belief that any wrongdoing has occurred, Kulwicki, 969 F.2d at 1463-64; (3) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials, Burns, 500 U.S. at 490; Kulwicki, 969 F.2d at 1467; and (4) the knowing use of perjured testimony in a judicial proceeding, Imbler, 424 U.S. at 424-27; Schrob, 948 F.2d at 1417; Brawer v. Horowitz, 535 F.2d 830 (3d Cir. 1976).

Thus, a prosecutor is absolutely immune when making a decision to prosecute, "even where he acts without a good faith belief that a wrongdoing has occurred." Kulwicki, 969 F.2d at 1463-64; Rose, 871 F.2d at 343.  In this regard, a falsely-charged defendant may be "remedied by safeguards built into the

judicial system," such as dismissal of the charges.  <u>Kulwicki</u>, 969 F.2d at 1464.

Here, Middleton essentially alleges that the prosecutor defendants have initiated state criminal proceedings against him based on false accusations, lack of probable cause, and a defective indictment.  There are no specific allegations against these state attorneys other than a broad and general claim that the prosecution has no merit.  Moreover, there is absolutely nothing to show that these defendants were acting outside their official prosecutorial roles.  Thus, these defendants are protected by immunity from a damages lawsuit for conduct during pre-trial and trial proceedings, pursuant to 28 U.S.C. § 1915A(b)(2).

Moreover, any claim that Middleton may be attempting to assert with respect to prosecutorial misconduct during his criminal proceedings must be raised in his pending criminal proceedings in state court; a federal court generally will not intercede to consider issues that Middleton has an opportunity to raise before the state court.  <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before <u>Younger</u> abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings

14

implicate important state interests; and (3) the state
proceedings afford an adequate opportunity to raise
federal claims.  Whenever all three of these
requirements are satisfied, abstention is appropriate
absent a showing of bad faith prosecution, harassment,
or a patently unconstitutional rule that will cause
irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and

New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992)

(citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here,

Middleton is admittedly a pre-trial detainee in the course of

ongoing state criminal proceedings; thus state proceedings

implicating important state interests are currently in progress

and Middleton has the opportunity to raise his claims in that

proceeding.  Therefore, this Court is constrained by Younger to

dismiss the Complaint and amended Complaints against the state

prosecutor defendants.

Further, if Middleton is eventually convicted of the alleged

charges in his now-pending state criminal trial, he must first

exhaust his state court remedies by direct appeal or other

available state court review, and then, if appropriate, file a

federal habeas application to assert any violations of federal

constitutional or statutory law, namely, his claims of

prosecutorial misconduct or denial of due process.  Preiser v.

Rodriguez, 411 U.S. 475 (1973).

Therefore, the Complaint and amended Complaints will be

dismissed with prejudice in their entirety as against the

prosecutor defendants for failure to state a claim[3] and based on prosecutorial immunity.

C.   Claim Against Public Defender Mandel

Next, in his second and third amended Complaints, Middleton asserts a claim of ineffective assistance of counsel as against his appointed counsel, Jeffrey Mandel, Esq., who is representing Middleton in his pending state criminal proceedings.   This defendant is not subject to liability under § 1983 because he is not a state actor.

A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a

---

[3]   The Court notes that Middleton also raises a claim of malicious prosecution against these defendants.   In order to state a prima facie case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999).   Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are:   (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.   Lind v. Schmid, 67 N.J. 255, 262 (1975).   A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'" Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).   Here, Middleton cannot proceed with a claim of malicious prosecution because his state court criminal proceedings are ongoing and have not terminated in his favor. Therefore, he fails to establish all of the essential elements of a malicious prosecution claim.

defendant in a criminal proceeding." <u>Polk Co. v. Dodson</u>, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); <u>Steward v. Meeker</u>, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); <u>Thomas v. Howard</u>, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

However, even if Middleton had pleaded facts establishing that Mr. Mandel was acting under color of state law, his very general claim appears to allege nothing more than a violation of his right to effective assistance of counsel.  Such a claim must first be raised in Middleton's on going state criminal case; a federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

Moreover, to the extent that Middleton's criminal trial is no longer pending, and he has been convicted and sentenced on the state criminal indictment, any claim of ineffective assistance of counsel[4] in this regard must first be exhausted via state court

---

[4] The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel in his defense."  U.S. Const. amend. VI. Without access to counsel, a criminal defendant cannot be guaranteed a fair trial.  "The right to counsel plays a crucial

remedies, *i.e.*, by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  There is nothing alleged in the Complaint or amended Complaints to indicate that Middleton has been convicted and sentenced on the challenged state court indictment, or that he has appealed a conviction or sentence to the New Jersey Appellate Division and exhausted his state court remedies.

Therefore, because defendant Mandel was not acting under color of state law when representing plaintiff, and because any claim of ineffective assistance of counsel must be asserted under a federal habeas petition after Middleton has exhausted his state court remedies, the Complaint and amended Complaints asserting liability under § 1983 should be dismissed for failure to state a

---

role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled."  Strickland v. Washington, 466 U.S. 668, 685 (1984) (citation omitted).

If a criminal defendant is not represented by counsel at trial or in critical pretrial proceedings and has not competently and intelligently waived his right to counsel, "the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty."  Johnson v. Zerbst, 304 U.S. 458, 468 (1938); see also United States v. Cronic, 466 U.S. 648, 654 (1984) (holding that if a defendant has no representation of any kind, his conviction is per se invalid).

claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

D.   False Arrest Claim

In his initial Complaint and fourth amended Complaint, Middleton asserts that the defendant police officers[5] violated his Fourth and Fourteenth Amendment rights by illegally arresting him on false accusations and without probable cause to do so.

It is well established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983.   See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).   To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.   Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).   Thus, a defense to an unlawful arrest claim is that the police officer

_____

[5]   These defendants include: Lt. George Farley, Det. Wayne Grapstul, Sgt. Kevin Gallagher, Det. James Mahoney, Det. Mike Zajac, Det. Joseph Spiers, Det. Roman Popowski, Det. Tim McCullife, and Det. James Wade of the Bayonne Police Department; and Det. Downey and Det. Miller of the Hudson County Prosecutor's Office.   As to defendants Downey and Miller, Middleton appears to assert a claim of malicious prosecution.   For the reasons set forth in this Opinion, supra, at n.3, namely that the criminal proceedings are ongoing and have not terminated in plaintiff's favor, the malicious prosecution claim against these defendants will be dismissed without prejudice.

19

defendants acted with probable cause.  Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); Groman, 47 F.3d at 636 ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment").  To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975).[6]  "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt."  Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).  Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (*quoting*

---

[6]  A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest.  See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989).  In this instance, Middleton's arrest occurred in May 2005; therefore, a § 1983 claim for false arrest accrued at that time, making this action timely.

<u>Beck v. State of Ohio</u>, 379 U.S. 89, 91 (1964)); <u>Sharrar v.
Felsing</u>, 128 F.3d 810, 817 (3d Cir. 1997).[7]

Here, Middleton admits that he was arrested by defendants
pursuant to an arrest warrant.  However, he disputes the veracity
of the warrant, alleging that the officers lied, made false
accusations, and that there was no probable cause.  It also
appears from the Complaint and amended Complaints that plaintiff
is indicted and is in ongoing state criminal proceedings.  Thus,
under these facts, probable cause for the arrest by warrant is
demonstrated and this claim for false arrest must be dismissed
for failure to state a claim.

To the extent that plaintiff is asserting that the factual
basis for the arrest warrant is untrue, he must first raise this
defense in his ongoing state criminal proceedings.  It does not
appear that plaintiff has been convicted of the crimes for which
he was indicted.  Thus, his criminal charges remain pending in
state court, and he must raise any constitutional challenges
asserted here in his criminal case.  A federal court will not now
intercede to consider issues that plaintiff has an opportunity to

---

[7]  A grand jury indictment is affirmative evidence of
probable cause sufficient to defeat claims for malicious
prosecution and false arrest under § 1983.  <u>Gatter v. Zappile</u>, 67
F. Supp. 2d 515, 519 (E.D.Pa. 1999), <u>aff'd</u>, 225 F.3d 648 (3d Cir.
2000).  The Court notes that Middleton was indicted by a grand
jury; however, Middleton claims the indictment is defective
because it was not signed by the grand jury foreperson or the
assignment judge.

raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).  Therefore, because plaintiff has not yet been convicted, this Court is constrained by Younger to dismiss the Complaint and amended Complaints in their entirety, without prejudice, as against these police officer defendants for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

E.   Excessive Force Claim

Middleton also asserts that police officer defendants: Lt. Farley, Det. Grapstul, Det. Mahoney, Det. Zajac, and Det. Spiers, used excessive force to accomplish Middleton's arrest on May 25, 2005.  Claims of excessive force during arrests, investigatory stops and other seizures are governed by the Fourth Amendment. See Graham v. Conner, 490 U.S. 386 (1989).  "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable."  Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999).  See also Graham v. Connor, 490 U.S. at 396-97 (force used to effect an arrest must be reasonable, and reasonableness is measured by "careful attention to the facts and circumstances of each particular case . . .").

Here, Middleton alleges that the police officer defendants assaulted him on May 25, 2005.  Middleton was tackled, assaulted, restrained, and handcuffed while he was on the ground.  He waited

22

in the Bayonne Police Department for almost 12 hours without medical attention for his injuries.  He sustained injury to his left hand and shoulder, which has left him with limited mobility and power.  Given these facts as asserted by plaintiff, if true, it appears that the allegations of the Complaint and applicable amended Complaints may be sufficient to withstand dismissal at this time.  Middleton appears to contend that the police officer defendants may have intentionally harmed plaintiff without apparent provocation for the very purpose of causing harm. Accordingly, this Fourth Amendment claim of excessive force will be allowed to proceed at this time.

Finally, Middleton's Complaint and fourth amended Complaint may be construed as alleging a state law tort claim of assault against these police officer defendants.  As this Court has allowed plaintiff's § 1983 excessive force claim against these defendants to proceed, which involves the same events and issues of fact, the Court will exercise supplemental jurisdiction over this related state law tort claim pursuant to 28 U.S.C. § 1367(a).

V.   <u>CONCLUSION</u>

For all of the reasons set forth above, the Complaint and amended Complaints will be dismissed without prejudice as against defendants, Mayor Daria of Bayonne; Mayor Jeremiah Healy of Jersey City; Mayor Al Santos of Kearny; John/Jane Doe, Chief of

23

Police of Jersey City; Chief Polowski, Chief of Police of
Bayonne; and the Sheriff of Hudson County, for failure to state a
claim upon which relief may be granted at this time, pursuant to
28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Further, the
Complaint and amended Complaints will be dismissed with
prejudice, as against defendants, Judge Fred J. Theemling, Jr.;
Kelly Austin, Assistant Deputy Prosecutor; and Edward J. Defazio,
Supervisor of the Prosecutors, pursuant to 28 U.S.C. §§
1915(e)(2)(B)(ii), (iii) and 1915A(b)(1) and (2).  The Complaint
and amended Complaints also will be dismissed with prejudice as
against defendant, Jeffrey Mandel, Esq., for failure to state a
cognizable claim under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§
1915(e)(2)(B)(ii) and 1915A(b)(1).  Plaintiff's claims asserting
false arrest and malicious prosecution will be dismissed without
prejudice, as against all defendants, for failure to state a
claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)
at this time.  Finally, the remaining § 1983 claim asserting
excessive force, and plaintiff's state law tort claim of assault,
over which this Court exercises supplemental jurisdiction
pursuant to 28 U.S.C. § 1367(a), will be allowed to proceed at
this time as against the remaining defendants, Lt. Farley, Det.
Grapstul, Det. Mahoney, Det. Zajac, and Det. Spiers.  Plaintiff's

24

request for a stay of his ongoing state court criminal

proceedings is denied.  An appropriate Order follows.


                              __/s/ Faith S. Hochberg_____
                              United States District Judge

Dated:  June 26, 2006